# Third District Court of Appeal
## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1368
Lower Tribunal No. 24-3033-CA-01
_____


**Sara Davidovich,**
Appellant,

vs.

**Jill Lippoff,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Nizahon Law, P.A., and Daniel B. Saltzman (Sunrise), for appellant.

Anderson Law Group, and Daniel W. Anderson (Tampa), for appellee.


Before FERNANDEZ, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Sara Davidovich, appeals from a final order granting final summary judgment in favor of appellee, Jill Lippoff. This case arises from an "as is" residential contract for the sale and purchase of a condominium, and appellee's purported failure to disclose that the condominium's travertine floors were installed without a permit. Appellant failed to file a timely response to appellee's motion for summary judgment. See Fla. R. Civ. P. 1.510(c)(5) (2024)[1] ("At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. At least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above."); see also Weisser Realty Grp., Inc. v. Porto Vita Prop. Owners Ass'n, Inc., 305 So. 3d 23, 27 (Fla. 3d DCA 2019) ("The trial court was within its discretion to grant summary judgment, where the filings mere days prior to a noticed summary judgment hearing appeared to be intended to delay

---

[1] The current version of rule 1.510(c)(5), effective January 1, 2025, states:

> At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. No later than 40 days after service of the motion for summary judgment, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above.

the proceedings."); <u>Beaches MRI v. Safeco Ins. Co. of Illinois</u>, 386 So. 3d 965, 966 (Fla. 4th DCA 2024) ("This court has recognized that the time requirement set forth in procedural rules shall be followed in all but extraordinary circumstances.") (quotation omitted); <u>cf.</u> <u>State Farm Mut. Auto. Ins. Co. v. Advanced X-Ray Analysis, Inc.</u>, 368 So. 3d 1049, 1051 (Fla. 3d DCA 2023) ("It is far-fetched to argue a trial court abused its discretion by enforcing the plain language of a rule of civil procedure promulgated to place practitioners and courts on notice of what is required. These rules are not advisory and are meant to provide time limits to raise arguments and present evidence in order to prevent gamesmanship, unfair surprise and prejudice.").[2] As a result, appellee's contention that, when the parties closed,

---

[2] Appellant sought a continuance of the summary judgment hearing. In its order, the trial court stated that appellant "withdrew her motion to continue during the hearing and requested that the Court proceed with a hearing on the Motion on its merits." Appellant contends the motion was only withdrawn "for the day of the hearing." Because there is no transcript of the proceedings, this contention provides us with no basis for reversal. <u>See</u> <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."); <u>G & S Dev. Corp. v. Seitlin</u>, 47 So. 3d 893, 895 (Fla. 3d DCA 2010) ("Without a record of the hearing, this Court cannot determine what issues were raised or argued by the parties during the hearing, and therefore, may reverse the decision only if an error of law appears on the face of the order under review.") (quotation omitted); <u>see also</u> <u>Vella v. Salaues</u>, 290 So. 3d 946, 950 (Fla. 3d DCA 2019) ("A party seeking a continuance bears the burden of showing, by affidavit, the existence and availability of other evidence, its relevance, the efforts taken to produce it,

she lacked knowledge that the floors were installed without a permit was left undisputed in the record. See Casey v. Mistral Condo. Ass'n, Inc., 380 So. 3d 1278, 1285 (Fla. 1st DCA 2024) ("If . . . the movant satisfies its initial burden, [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.' To satisfy that burden, the nonmoving party must present competent evidence that shows a genuine issue for trial.") (quotations omitted); see also Johnson v. Davis, 480 So. 2d 625, 629 (Fla. 1985) (holding "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer"); Smith v. Lynch, 403 So. 3d 433, 438 (Fla. 2d DCA 2025) ("A finding of a seller's liability under Johnson requires that the seller had *actual* knowledge of the facts materially affecting the property." (citing Jensen v. Bailey, 76 So. 3d 980, 984 (Fla. 2d DCA 2011) ("[T]his court has consistently reversed judgments in favor of the buyer for nondisclosure under Johnson in the absence of proof of the seller's actual knowledge of the defect.") and Brown v. Carter, 13 So. 3d 111, 113–14 (Fla. 2d DCA 2009) (reversing judgment against sellers of home where no evidence was

and that any failure to do so is not the result of the movant's inexcusable delay.") (citation omitted).

4

presented to show that the sellers had actual knowledge of home's structural problems))).  Accordingly, our de novo review yields no error in the entry of summary judgment.

Affirmed.